UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAUREN JUSTINE PALMER, ) | CASE NO.  5:08cv125 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| REBECCA CACCIOPPO, et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving Doc. 45] |
| ) | |
| ) | |

This matter comes before the Court on Defendants' Motion for Partial Judgment on the Pleadings (Doc. 45).  The Court has been advised, having considered Defendants' Motion, the Response in Opposition (Doc. 50), and the Reply (Doc. 53); the Amended Complaint (Doc. 24); and applicable law.  For the reasons set forth herein, Defendants' Motion is GRANTED IN PART.

I.    Statement of Facts

In her Amended Complaint, Plaintiff names as defendants Rebecca Caccioppo, the principal of Glover Elementary School in Akron, Ohio; Kathy Hooper, Ms. Caccioppo's assistant; and the Akron Board of Education (Board).  Ms. Caccioppo and Ms. Hooper are named in both their individual and official capacities.  Plaintiff attempts to raise the following claims:

1. Quid pro quo sexual harassment and sexually hostile work environment

2. Violation of 42 USCA Section 1983 and violation of the Plaintiff's right under the Fourth Amendment of the United States Constitution not to be subjected to unreasonable searches and seizures[1]

---

[1] Defendants have not made any argument for judgment on this claim.  In the introduction to their Motion, they concede that judgment on this claim "is not appropriate as to any defendant with respect to this claim – assuming that [Ms.] Caccioppo and [Ms.] Hooper have been sued in their respective individual capacities."  The cause of

3. Violation of 42 USCA Section 1983 and Violation of the Plaintiff's constitutional right to privacy and the right to privacy in confidential medical information under Hippa [sic]

4. Violation of 42 USCA Section 1983 and Violation of the Plaintiff's federally protected rights under the Family and Medical Leave Act to maintain job security for health conditions that prevented her from working for temporary periods of time.

Plaintiff, a former employee of the Akron Public Schools, alleges that her supervisor there, Defendant Caccioppo, subjected her to sexual harassment and sexually offensive behavior, and that this behavior created a hostile work environment. She further alleges that when she refused to consent to "unwelcome sexual advances," Ms. Caccioppo "repeatedly denigrated her work performance, harassed and beleaguered her." (Am. Compl. at 2.)[2] Plaintiff alleges that this ultimately resulted in her termination after thirteen years of employment. This allegation of sexual harassment and sexually hostile work environment is the only claim Plaintiff has raised against Ms. Caccioppo.

Plaintiff then alleges that Ms. Hooper assisted Ms. Caccioppo in engaging in sexual harassment and creating a sexually hostile work environment. In addition, Plaintiff claims that Ms. Hooper violated her Fourth Amendment protections against unreasonable searches and seizures by requiring that Plaintiff undergo drug tests. She also alleges that Ms. Hooper "violated [Plaintiff's] constitutional right to privacy and her right to privacy in confidential medical information [u]nder Hippa [sic]." (Am. Compl. at 10.) Finally, she alleges that Ms. Hooper violated her rights under 42 U.S.C § 1983 and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, by authorizing Plaintiff's absence under the FMLA and later recommending that she be terminated for her absence on those days.

---

action only names Ms. Hooper as a defendant, and the Court has seen no argument regarding the possibility of individual liability under the Fourth Amendment. It will reserve judgment on the question of individual liability. Defendants are free to raise any such argument, if necessary, at the summary judgment stage of this litigation.

[2] All references to the Amended Complaint are to the paragraph numbers therein.

Defendant Board is only named in two of the claims in the Amended Complaint. First, Plaintiff alleges that the Board failed to act in response to her allegations of sexual harassment, and that its grievance procedures were a "mere pretext for responding to EEOC Complaints." (Am. Compl. at 6.) Secondly, Plaintiff appears to intend to name the Board in her claim for breach of her right to confidentiality when she states that "Defendants Kathy Hooper and *Defendant* repeatedly breached the confidentiality of the plaintiff's medical information."[3] (Am. Compl. at 10, emphasis added.)

Defendants unsuccessfully moved to dismiss the Complaint (Doc. 25), and later unsuccessfully moved to dismiss the Amended Complaint (Doc. 38), both times on procedural grounds. The Motion for Judgment on the Pleadings now before the Court challenges all of the claims in Plaintiff's Amended Complaint but the second, as they are set forth above.

II.     Legal Standard

The Federal Rules of Civil Procedure permit a party to move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973) (citing 2A Moore, Federal Practice, para. 12.15 (1972)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 20007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

---

[3] As set forth below, the Court will not attempt to determine whom Plaintiff attempted to name as the second party in this claim, as the claim cannot proceed.

III. Analysis

The majority of Defendants' arguments for judgment on the pleadings seek the dismissal of claims against Ms. Caccioppo and Ms. Hooper in their individual capacities. Plaintiff has argued in her Response in Opposition to the Motion that this reduces to an argument about who will ultimately pay any judgment Plaintiff might be awarded. The Court acknowledges Plaintiff's argument, but has determined that the claims as they currently stand in the Amended Complaint do require clarification and narrowing.

    A.    Sexual harassment and sexually hostile work environment

At no point in the statement of her claim for sexual harassment and sexually hostile work environment does Plaintiff indicate under which statute she is attempting to bring her claim. In the paragraph immediately preceding this claim, she gives a lengthy list of statutes conferring jurisdiction on this Court to adjudicate this matter. (Compl. at 1(b).) In that list, she includes "*Title VII of the Civil Rights Act of 1964* (Pub. L. 88-352) (*Title VII*), as amended. [sic], 42 U.S.C. 2000d et seq." as well as 42 U.S.C. 1983. In each of the other claims raised in the Complaint, Plaintiff states the specific provisions or statutes giving rise to her claims. No such attempt is made for this first claim. Defendant has moved for judgment under both Title VII and § 1983.[4] The Court will address these arguments in turn.

In her Response in Opposition to Defendants' Motion, Plaintiff counters Defendants' argument regarding the Title VII claims by arguing that this is claim is not subject to judgment on the pleadings because such a ruling would not immunize Defendants from suit, and would only serve to resolve the issue of who pays. (Resp. at 2.) The Court disagrees to the extent that Plaintiff has attempted to sue Defendants in their individual capacities. Under Title VII, an

---

[4] Defendants also attempt to make the argument that Ms. Caccioppo and Ms. Hooper have only been sued in their official capacities because the service of the Amended Complaint was only directed to their business addresses. The Court has dealt with this argument before (*See* Doc. 39) and declines to do so again.

employer is prohibited from discriminating against any person "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It is well established in the Sixth Circuit that no individual liability lies under Title VII. *See Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997). Inasmuch as Plaintiff may have attempted to pursue Ms. Caccioppo and Ms. Hooper in their individual capacities under Title VII, those claims are dismissed. Title VII claims remain against Ms. Caccioppo and Ms. Hooper in their official capacities, as well as against the Board.

Plaintiff did not cite § 1983 in her first claim, nor did she use any of the language of § 1983 in stating her claim. The Court notes that Plaintiff carefully cited § 1983 in the statement of each of her other claims. Further, she did not address or attempt to counter Defendants' argument[5] that no § 1983 claim for sexual harassment exists against Defendants in their individual capacities.

The Court finds that it is not necessary to address the substance of any possible § 1983 sexual harassment claim Plaintiff may have raised because no such claim is apparent from the Amended Complaint or even from subsequent briefing. District courts are not required to "conjure up questions never squarely presented to them" or to "construct full-blown claims from sentence fragments[.]" *Beaudett*, 775 F.2d at 1278. To attempt to do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, to expect Defendants to infer a § 1983 claim from the first cause of action in the Amended Complaint places an unfair burden on Defendants to speculate on the potential claims that

---

[5] *See* Motion at 5 n.1.

Plaintiff might be raising against them and the defenses they might assert in response to each of these possible causes of action.  *See Wells*, 891 F.2d at 594.  For these reasons, the Court declines to conclude that Plaintiff has asserted at § 1983 claim for sexual harassment against any of Defendants.

      B.      Right to privacy

Plaintiff alleges her third cause of action in one paragraph, which reads as follows:

> In and around the same times alleged in the above paragraphs, Defendant Kathy Hooper acting under color of State Law and the Authority of the Akron Board of Education violated the plaintiff's constitutional right to privacy and her right to privacy in confidential medical information Under Hippa [sic].  Defendants Kathy Hooper and Defendant repeatedly breached the confidentiality of the plaintiff's medical information.

Amended Compl. at 10.

Defendants argue that Plaintiff has not actually stated a claim under § 1983, and that her HIPAA (Health Insurance Portability and Accountability Act, 42 U.S.C.A. § 300gg et seq.) claim must be dismissed because no individual cause of action exists under HIPAA.  In order to make this argument, Defendants resort to a complicated and unconvincing grammatical parsing of Plaintiff's claim.

Defendants are correct that no individual cause of action exists under HIPAA.  "Under HIPAA, individuals do not have a right to court action."  65 FR 82462-01.  *See also O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F.Supp.2d 1176 (D. Wyo. 2001) (citing *Means v. Indep. Life and Acc. Ins. Co.*, 963 F.Supp. 1131, 1135 (M.D.Ala.1997); *Brock v. Provident Am. Ins. Co.*, 144 F.Supp.2d 652, 657 (N.D.Tex.2001); and *Wright v. Combined Ins. Co. of Am.*, 959 F.Supp. 356, 362-63 (N.D.Miss.1997)).  Any claims Plaintiff may have attempted to raise under HIPAA against any of the named Defendants are dismissed, and Defendants' Motion is granted with respect to these claims.

However, Defendant is incorrect in its assertion that Plaintiff did not raise a § 1983 claim. Plaintiff clearly cited to § 1983 in her statement of the third cause of action, and alleged that Ms. Hooper was "acting under color of State Law and the Authority of the Akron Board of Education." This is the first element a plaintiff must assert in order to set forth a claim under § 1983. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). The second is whether the offending conduct has deprived the plaintiff of rights secured by federal law. *Id.*

The Court's research indicates that the Sixth Circuit has refused to recognize any general constitutional right to privacy in medical information: "Disclosure of plaintiff's medical records does not rise to the level of a breach of a right recognized as 'fundamental' under the Constitution." *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995); *see also J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981); *Doe v. Wigginton*, 21 F.3d 733 (6th Cir. 1994). Because there is no constitutionally protected right to privacy in medical records, no § 1983 claim may be raised against the Board or Ms. Caccioppo and Ms. Hooper in their official capacities. Moreover, where no constitutional right exists, and therefore no violation could have occurred, no further inquiry is required regarding the issue of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.") Therefore, Plaintiff's claims against Ms. Caccioppo and Ms. Hooper in their individual capacities must fail.

As Plaintiff cannot make out a claim under HIPAA, and no constitutional right exists such that a § 1983 claim could be made, Plaintiff's claims in her third cause of action are dismissed, and Defendant's Motion as to these claims is granted.

C. FMLA Claims

Plaintiff attempts to raise a claim for violation of the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.*) in conjunction with § 1983. Defendants argue that any claims under the FMLA against Ms. Caccioppo and Ms. Hooper in their individual capacities must be dismissed, as no individual public agency employee liability exists under the FMLA. Plaintiff does not address this argument in her Response in Opposition.

As an initial matter, there is no cause of action under § 1983 for an FMLA violation, nor is there any need to refer to § 1983 in bringing a cause of action under the FMLA, which is purely a statutory creation and not a constitutional right. To the extent that Plaintiff's Amended Complaint attempts to assert a claim under the FMLA against Ms. Caccioppo and Ms. Hooper individually, such a claim is dismissed. The Sixth Circuit has clearly held that "the [FMLA] does not impose individual liability on public agency employers," and that individual liability claims against public agency employees are therefore precluded. *Mitchell v. Chapman*, 343 F.3d 811, 829 (6th Cir. 2003). Therefore, Ms. Caccioppo and Ms. Hooper are not subject to individual liability under the FMLA to the extent that they were named in that capacity in Plaintiff's fourth cause of action, and Defendant's Motion is granted in that respect. However, the Court would note that no one but Defendant Hooper is named in the fourth cause of action. Therefore, Plaintiff's claim under the FMLA shall proceed only as against Ms. Hooper in her official capacity.

IV. Conclusion

For the foregoing reasons, Defendants' Motion is GRANTED as to any claims raised against Ms. Caccioppo and Ms. Hooper in their individual capacities in Plaintiff's first and fourth causes of action. Plaintiff's third cause of action, namely her claim for a violation of her right to

privacy, is dismissed in its entirety.  Remaining are Plaintiff's Title VII claims and FMLA claims against Defendants in their official capacities, as well as Plaintiff's second cause of action for violations of her rights under the Fourth Amendment (*see* n.1, *supra*), which has only been raised against Ms. Hooper.

     IT IS SO ORDERED.

DATED:  January 16, 2009                       *s/ John R. Adams*
                                                       Judge John R. Adams
                                                       UNITED STATES DISTRICT COURT